105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. SARSFIELD, Former Chairman of the Board and
Current Director of Sequoia National Bank, Petitioner,
v.
UNITED STATES DEPARTMENT OF the TREASURY, Respondent.
 No. 95-70664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 2, 1997.
 
 Petition to Review a Decision of the United States Department of the Treasury, No. AA-EC-93-144.
 USDOT
 REVIEW DENIED.
 Before: FARRIS, BEEZER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 STANDARD OF REVIEW
 
 2
 An agency's findings of fact must be upheld if supported by substantial evidence in the record. Transcon Lines v. AT & T Technologies, Inc., 89 F.3d 559, 564 (9th Cir.1996). Substantial evidence means more than a mere scintilla but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id.
 
 
 3
 Agency decisions may be set aside only if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Id. at 563.
 
 DISCUSSION
 
 4
 Sarsfield was an executive officer and Chairman of the Board at Sequoia National Bank when the consent order was signed in March 1992. He did not relinquish his executive position until August 1992, at which point the Articles at issue had already been violated. He remained Chairman of the Board into January 1993. Sarsfield was an institution-affiliated party as an executive and as a director. As such, he was responsible for Sequoia's compliance with the consent order. His intent is inapposite. See 12 U.S.C. § 1818(i)(2)(A).
 
 
 5
 Sarsfield argues that, for a variety of reasons, the Comptroller's conclusion that seven Articles of the consent order had been violated was not supported by substantial evidence. We have carefully reviewed the record. Sarsfield's contentions are not supportable. In particular, this record does not demonstrate 1) illicit collusion between the OCC and members of Sequoia's board; 2) that the OCC was unaware of the source of documents; 3) that the OCC waived compliance with any of the Articles; 4) that Sarsfield acted entirely in good faith to comply with the consent order; or 5) that bank management, not Sarsfield, was responsible for noncompliance. Further, Sarsfield recognizes, as he must, that some consent order Articles were not complied with in the time required.
 
 
 6
 The Comptroller's findings that Articles VI, VII, IX, X, XII, XIII, and XV of the consent order were violated, and the imposition of a $10,000 Civil Money Penalty for those violations, are supported by substantial evidence. The Comptroller's decisions were neither arbitrary nor capricious.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3